**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANTHONY G. HARP,

    Plaintiff,

v.                                            Case No. 05-CV-72838-DT

LIEUTENANT ELLIS and
CORRECTIONAL OFFICER PROTO,

    Defendants.

_____/

**ORDER OF DISMISSAL**

**I. INTRODUCTION**

Anthony G. Harp ("Plaintiff"), an inmate at the Federal Correctional Institution in Milan, Michigan (FCI-Milan), has filed a *pro se* complaint for injunctive relief. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.

Defendants are correctional officials at FCI-Milan. Because the defendants are employees of the Federal Government, the court construes the complaint as one brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

The complaint and exhibits allege that, on February 23, 2005, Plaintiff went to the prison dining hall for an early dinner, following a work assignment in "A Corridor." Defendant Ellis stopped Plaintiff and questioned him about going to the dining hall so early. Plaintiff responded that he worked as an A-Corridor orderly and that it was customary to permit such orderlies to eat an early dinner. Ellis permitted Plaintiff to go to dinner, but he informed him that it would be his last meal on the compound.

Plaintiff anticipated that Ellis would punish him for going to dinner early by placing him in special housing (administrative detention). Consequently, he asked Captain Hanson whether there had been a change in the policy permitting A-Corridor orderlies to eat an early dinner. Hanson responded that there had been no change in the policy. Ellis subsequently threatened to get even with Plaintiff because he had spoken with Captain Hanson about the incident with Ellis. Ellis also told Plaintiff to find another job within five days or Ellis would find a job for him.

Later, on the same day, defendant Proto stopped Plaintiff, ordered him to put his hands on the wall, and asked him why he had angered Ellis. When Proto inquired about the contents of Plaintiff's pockets, Plaintiff removed a Bic lighter from his coat pocket. Proto promptly placed the lighter in his own pocket and laughed about the incident. Plaintiff claims that Proto intentionally distracted him and then planted the lighter on him while he held his hands against the wall pursuant to Proto's order.

Plaintiff contends that defendants acted unprofessionally, threatened him, and intimidated him. He would like an apology and to have defendants reprimanded, fired, or suspended.

## II. DISCUSSION

To successfully establish a *prima facie* case under *Bivens*, Plaintiff must prove that the defendants acted under color of law and deprived him of rights secured by federal law. *See Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal district court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or

fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's allegations are frivolous because verbal abuse, harassment, and unprofessional conduct do not rise to the level of a constitutional violation for which relief may be granted under § 1983.  *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir.) (citing *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)), *cert. denied*, __ U.S. __, 125 S. Ct. 157 (2004).  Plaintiff simply has not suffered any cognizable injury.  He was not cited for being out of place or possessing contraband, and he did not receive a misconduct report or placement in the special housing unit.  Furthermore, emotional distress is not a basis for a federal civil rights action.  42 U.S.C. § 1997e(e).

### III.  CONCLUSION

Although defendants act under color of law when performing their official duties, they did not deprive Plaintiff of a federal right, privilege or immunity.  Therefore, the complaint lacks an arguable basis under law and is frivolous.

This action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  An appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  October 15, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 15, 2005, by electronic and/or ordinary mail.

                                 S/Lisa Wagner

                                 Case Manager and Deputy Clerk
                                 (313) 234-5522

copy mailed to:         Anthony G. Harp, #10281-040
                         Federal Correctional Institution
                         P. O. Box 1000
                         Milan, MI  48160